KATHLEEN C. SCHNEIDER, CA BAR 174058
CECILY A. VIX, CA BAR 233151, Counsel for Service
National Labor Relations Board, Region 20
450 Golden Gate Ave.
Floor 3, Suite 3112
San Francisco, California 94102
Telephone Number: (628) 221-8877

Attorneys for Applicant

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant<br><br>v.<br><br>WILTON RANCHERIA d/b/a SKY RIVER CASINO,<br><br>Respondent. | No.<br><br>**APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM** |

    The National Labor Relations Board (the Board), an administrative agency of the United States Government created pursuant to the National Labor Relations Act, as amended, [29 U.S.C. § 151 et seq.] (the Act), by its General Counsel and by Cecily Vix, Field Attorney for Region 20 of the Board (Region 20), respectfully applies to this Honorable Court, pursuant to Section 11(2) of the Act [29 U.S.C. § 161(2)], for an order requiring Wilton Rancheria d/b/a Sky River Casino (the Tribe or Respondent) to obey the subpoena duces tecum issued by the Board on behalf of the General Counsel for the Board.

    The subpoena was duly served on the Tribe in the manner provided by law. In support of this Application, upon information and belief, the Board respectfully shows as follows:

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM     1

# JURISDICTION

1. This Court has jurisdiction over the subject matter of the proceeding and over the Tribe by virtue of Section 11(2) of the Act [29 U.S.C. §161(2)] because the investigation for which Subpoena Duces Tecum B-1-1KRT1PN (Exhibit 1) (Subpoena) was issued is being carried on within this judicial district. Further, the Tribe maintains a place of business in Elk Grove, California, and the Tribe was duly served (Exhibit 2) with the Subpoena within this judicial district.

2. Pursuant to the provisions of Section 6 of the Act [29 U.S.C. § 156], the Board has issued Rules and Regulations, Series 8, as amended, (the Rules) governing the conduct of its operations. The Board's Rules have been duly published in the Federal Register, 24 F.R. 9095, as provided for in the Administrative Procedure Act, 5 U.S.C. § 552 (2012), and are reported at 29 C.F.R. §§ 102.1 et seq. This Court may take judicial notice of the Rules. See 44 U.S.C. § 1507 (2012).

# THE BOARD'S INVESTIGATION

3. Pursuant to the provisions of Section 10(b) of the Act [29 U.S.C. § 160(b)], there is now pending before the Board a proceeding entitled *Wilton Rancheria d/b/a Sky River Casino* involving an unfair labor practice charge filed by Unite Here International Union (Union) against the Tribe in Board Case 20-CA-331192 (Exhibit 3).[1] The charge was filed November 30, 2023, and served on the Tribe on December 4, 2023, by regular mail in the manner and form required by law and by Sections 102.9, 102.10, and 102.14 of the Board's Rules. A copy of the affidavit

---

[1] A similar, related charge was filed by the Union against *BGM Co. Inc. d/b/a Sky River Casino; Boyd Gaming Corporation d/b/a Sky River Casino* (BGM), Charge 20-CA-331200. The Union alleges that the Tribe and BGM are joint employers under the Act.

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM         2

of service of the charge is attached (Exhibit 4).  A first-amended charge was filed on January 29, 2024 (Exhibit 5) and served on the Tribe on January 30, 2024 (Exhibit 6).

4. Pursuant to the provisions of Section 3(d) of the Act [29 U.S.C. § 153(d)], the General Counsel of the Board and the General Counsel's duly authorized agents have the final authority, on behalf of the Board, to investigate unfair labor practice charges and issue complaints under Section 10 of the Act [29 U.S.C. § 160].  The Regional Director of Region 20 of the Board, on behalf of the General Counsel, pursuant to the provisions of Section 3(d) of the Act [29 U.S.C. § 153(d)], caused an investigation to be conducted of the unfair labor practice charge in Case 20-CA-331192 described above.  As a result of evidence obtained during the investigation, the Regional Director concluded that no final decision could be reached on the merits of the charge without an examination of further evidence in the possession and control of the Tribe.

5. The charge in Case 20-CA-331192 alleges that the Tribe violated Section 8(a)(1) and (5) of the Act [29 U.S.C. § 158(a)(1) and (5)] by failing to either voluntarily recognize the Union as the collective-bargaining representative of its employees upon a showing of majority employee support for the Union or to file a petition with the Board for an election to determine whether a majority of employees choose to be represented by the Union after the Union informed the Tribe that it had collected Union authorization cards from a majority of the Tribe's employees and requested that the Tribe recognize it as the employees' representative.[2]

---

[2] In response to a union's demand for recognition, if an employer has a good faith uncertainty about employees' majority support for the union, the employer may, and it should, file a petition for an election of the employees in the proposed bargaining unit.

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM        3

6. The Tribe may be found to have violated the Act as alleged in the charge only if a majority of the Tribe's employees in the proposed bargaining unit signed Union authorization cards by the time the Union demanded recognition from the Tribe, which it did on two occasions, first on June 20, 2023, then on December 11, 2023.  To determine whether a majority of the Tribe's employees in the proposed bargaining unit signed Union authorization cards by either of those dates, the General Counsel of the Board must first determine how many employees were in the proposed bargaining unit as of those dates.

**SUBPOENA**

7. The Board agent investigating the unfair labor practice charge filed against the Tribe, Field Attorney Cecily Vix (Board Agent Vix), asked the Tribe to provide lists of its employees in the proposed bargaining unit as of June 20, 2023, and December 11, 2023, to answer the threshold question of how many employees are in the proposed bargaining unit. The Tribe refused to provide the Board with the requested employee lists necessary to the investigation of the charge.  After failing to obtain cooperation from the Tribe, the Regional Director of Region 20, on February 7, 2024, at the written request of Board Agent Vix, caused the Subpoena to be served on the Tribe requiring its custodian of records to appear before a Board agent on February 27, 2024, at 10:00 a.m. at Region 20 of the Board and to provide complete lists of the employees in the proposed bargaining unit as of June 20, 2023, and December 11, 2023.

8. The Subpoena was issued under the authority of, and in the manner and form provided for by, Section 11(1) of the Act [29 U.S.C. §161(1)] and Section 102.31(a) of the Board's Rules.  [29 C.F.R. § 102.31(a)].

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM            4

9. The Subpoena was duly served upon the Tribe in the manner and form provided for in Section 11(4) of the Act [29 U.S.C. § 161(4)] and Section 102.4 of the Board's Rules. [29 C.F.R. § 102.4]. The Affidavit of Service and the Certified Mail Receipt are attached (Exhibits 2 and 7, respectively).

10. A courtesy copy of the Subpoena was emailed to the Tribe's counsel Scott Wilson (Tribe Counsel Wilson). The email to Tribe Counsel Wilson attaching the courtesy copy of the Subpoena is attached (Exhibit 8).

### THE TRIBE FILED A PETITION TO REVOKE THE SUBPOENA

11. On February 14, 2024, the Tribe filed with the Regional Director of Region 20 a Petition to Revoke the Subpoena (Exhibit 9), as provided by Section 11(1) of the Act [29 U.S.C. §161(1)] and Section 102.31(b) of the Board's Rules. On February 29, 2024, the Acting Regional Director of Region 20 issued the Order Referring the Petition to Revoke the Subpoena to the Board (Exhibit 10).[3]

---

[3] The Act and the Board's Rules provide a procedure by which a party served with a subpoena, if it objects to compliance with the subpoena, may petition to revoke the subpoena. Section 11(1) of the Act provides in pertinent part:

> For the purpose of all hearings and investigations, which in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by Section 9 and 10 — (1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required . . .

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM      5

12. On February 29, 2024, Board Agent Vix filed an opposition to the Tribe's Petition to Revoke the Subpoena (Exhibit 11).

### THE BOARD DENIED THE TRIBE'S PETITION TO REVOKE

13. On April 26, 2024, the Board, by Chairman Lauren McFerran and Members Marvin Kaplan and Gwynne Wilcox, issued an Order denying the Tribe's Petition to Revoke the Subpoena (Exhibit 12). The Board concluded that the Subpoena seeks information relevant to the matter under investigation and describes with sufficient particularity the evidence sought, as required by Section 11(1) of the Act [29 U.S.C. §161(1)] and Section 102.31(b) of the Board's Rules.

### REGION 20 AGAIN SOUGHT THE TRIBE'S VOLUNTARY COMPLIANCE

14. On April 29, 2024, following the Board's Order denying the Tribe's Petition to Revoke the Subpoena, Board Agent Vix, by email to Tribe Counsel Wilson, again requested that the Tribe cooperate in the investigation of the charge and voluntarily provide the employee lists requested by the Subpoena by May 6, 2024 (Exhibit 13).

15. The Tribe did not respond to Board Agent Vix's April 29, 2024 email and did not produce the employee lists by May 6, 2024. See Board Agent Vix's Affidavit, paragraph 7.

### THE TRIBE'S CONTUMACIOUS CONDUCT IMPEDES
### THE BOARD'S INVESTIGATION

16. To date, the Tribe has failed and refused to present its custodian of records for a sworn affidavit with the documents requested in the Subpoena as ordered by the Board.

17. Based on the above, the Tribe has failed and refused to comply with the Board's Subpoena.

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM           6

18. The documents requested by the Subpoena are relevant and material to the Board's current investigation of Case 20-CA-331192. The Tribe's failure to produce the records constitutes contumacious conduct within the meaning of Section 11(2) of the Act [29 U.S.C. §161(2)] and has impeded and continues to impede the Board in the investigation before it. For the Board to carry out its statutory duties and functions under the Act, a Court order compelling the Tribe to comply with the Subpoena is necessary and appropriate.

WHEREFORE, Applicant, the National Labor Relations Board, respectfully prays that:

19. An Order to Show Cause issue directing the Tribe to appear before this Court on a date certain to be fixed in said Order and to show cause, if any there be, why an order should not issue directing the Tribe's custodian of records to appear before a Board agent designated by the Regional Director of Region 20 of the Board to take evidence in Case 20-CA-331192 at such time and place as the Regional Director may designate and then and there produce the records and documents requested in Subpoena Duces Tecum B-1-1KRT1PN.

20. Upon the return of said Order to Show Cause, another order issue from this Court requiring the Tribe's custodian of records to produce the records and documents requested in Subpoena Duces Tecum B-1-1KRT1PN.

21. Applicant, National Labor Relations Board, have such other further relief as is necessary and appropriate.

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM        7

DATED AT San Francisco, California, this 24th day of May, 2024.

/s/ *Cecily Vix*
Kathleen Schneider
Regional Attorney, Region 20
National Labor Relations Board

Jennifer Abruzzo
General Counsel
National Labor Relations Board

Jill Coffman
Regional Director, Region 20
National Labor Relations Board

Cecily Vix
Field Attorney, Region 20
National Labor Relations Board


Attorneys for Applicant
National Labor Relations Board

STATE OF CALIFORNIA          )

                             )     SS.

COUNTY OF SAN FRANCISCO      )

I, Cecily Vix, do certify and say that I am a Field Attorney of Region 20 of the National Labor Relations Board; that I have read the foregoing application and exhibits attached thereto and know the contents thereof; that the statements therein made as upon personal knowledge are true and that those made upon information I believe to be true.

DATED AT San Francisco, California, this 24th day of May, 2024.

    /s/ *Cecily Vix*
Cecily Vix
National Labor Relations Board, Region 20
450 Golden Gate Ave.
Floor 3, Suite 3112
San Francisco, California 94102

APPLICATION FOR ORDER REQUIRING OBEDIENCE TO SUBPOENA DUCES TECUM        9